UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Case No. 2:10-cv-319 ) |
| DOTS, LLC, | ) ) |
| Defendant | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Strike Defendant's 1st, 8th, 11th, and 15th Affirmative Defenses [DE 17] filed by the plaintiff, Equal Employment Opportunity Commission, on September 27, 2010.  For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

Background

Misti Hatchett filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII by the defendant, Dots, Inc., because it denied a class of applicants employment based on their race.  The EEOC investigated the claim and determined that Dots discriminated against White applicants and women.  The EEOC filed its complaint seeking to enjoin Dots from engaging in discrimination based on race and gender and for relief for the class of applicants who were denied employment on this basis.  Dots filed its Answer and Affirmative Defenses in

response, and the EEOC now requests the court to strike four of Dots affirmative defenses.

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); Shirley v. Jed Capital, LLC, 2010 WL 2721855, *5 (N.D. Ill. July 8, 2010); Doe v. Brimfield Grade School, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 665 (7th Cir. 1992). "Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." Tektel, Inc. v. Maier, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992).

Rule 12(f) further states that the court may act to strike the redundant, impertinent, or immaterial matter on its own or by a motion made by a party before responding to the pleading or within 21 days after being served if no response is allowed. The

federal rules did not provide for a responsive pleading to Dots' Answer and Affirmative Defenses, rendering the EEOC's motion to strike due within 21 days of being served Dots' Answer.

Federal Rule of Civil Procedure 6 explains the procedure for calculating deadlines. Rule 6(a) states that the day of the event that triggers the period is excluded, and every day following, including weekends and holidays, are included in calculating the time period. The event that triggered the 21 day period for the EEOC to file its motion to strike was Dots serving its answer and affirmative defenses. Dots electronically filed its answer and affirmative defenses on September 2, 2010. Rule 6(d) states that when a party is served electronically, three days are added after the period would otherwise expire. Therefore, the EEOC's motion to strike was due 24 days after Dots electronically filed its answer, on or before Sunday, September 26, 2010. "[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Rule 6(a)(1)(c). For this reason, the EEOC's motion to strike filed on Monday, September 27, 2010, was timely filed.

Turning to the merits of the EEOC's motion, the EEOC first moves to strike Dots' first affirmative defense, which reads in its entirety:

> As for its First Affirmative Defense, Defendant asserts that Plaintiff's Complaint is barred because it fails in whole or in part to state a claim upon which relief can be granted and fails to plead any elements to support its claim.

The EEOC argues that this affirmative defense merely reiterates the standard for evaluating a motion to dismiss and adds clutter, not substance, to Dots' Answer.

The defense of failure to state a claim upon which relief can be granted is a valid defense that can be pled in a party's answer. Jackson v. Methodist Med. Ctr. of Illinois, 2007 U.S. Dist. LEXIS 2081, *5. Affirmative defenses are subject to the same standards as other pleadings and must provide more than a "bare bones" statement to put the other party on notice of any shortcomings. Tooley v. Wash. Group Int'l, Inc., 2009 U.S. Dist. LEXIS 123266, *7 (Aug. 17, 2009). To overcome this hurdle, an affirmative defense of failure to state a claim must identify the specific infirmities in the complaint if they cannot be derived from a plausible inference. Tooley, 2009 U.S. Dist. LEXIS 123266, at *7; Reis Robotics USA, Inc. v. Concept Indus., 462 F.Supp.2d 897, 905 (N.D. Ill. 2006). Generally, a reasonable inference cannot be drawn where the case is complex and more than one count is pled in the complaint. See Reis Robotics, 462 F.Supp.2d at 905-06; Codest Engineering v. Hyatt International Corp., 954

F.Supp. 1224, 1231 (N.D. Ill. 1996); Renalds v. S.R.G. Restaurant Group, Chicago, LLC, 119 F.Supp.2d 800, 803-04 (N.D. Ill. 2006).

In a case such as here, where the EEOC only pled one count, the shortcomings of the complaint are readily ascertainable. To succeed on a failure to hire theory, the EEOC must make a prima facie case showing that the applicant was a member of a protected class, was qualified for an open position for which she applied, her application was rejected, and the prospective employer filled the position with someone not of the applicant's protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Blise v. Antaramian, 409 F.3d 861, 866 (7th Cir. 2005). Dots' affirmative defense specifically states that the EEOC's complaint falls short of pleading each of these elements. Therefore, Dots made more than a bare bones pleading and sufficiently put the EEOC on notice of its position. The EEOC's motion to strike is accordingly DENIED with regard to Dots' first affirmative defense.

The EEOC next moves to strike Dots' eighth affirmative defense, which states:

> As and for its Eight Affirmative Defense, Defendant asserts that Plaintiff's Complaint is barred to the extent it exceeds the scope of the EEOC Charge No. 470-2008-03342 filed by Misti Hatchett on or about July 2, 2008.

A complaint filed by an individual after exhausting her administrative remedies with the EEOC is limited to the charges stated in her complaint to the EEOC. Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992). However, in an EEOC enforcement action where the EEOC serves as the representative for the discriminated class, the EEOC is not limited to the claims presented by the charging parties. General Telephone Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable. General Telephone, 446 U.S. at 330, 100 S.Ct. at 1706-07 (citing EEOC v. McLean Trucking Co., 525 F.2d 1007, 1010 (6th Cir. 1975). However, this is not without limits. Courts have limited the EEOC's complaint where it exceeds the scope of the investigation, the reasonable cause determination, or the EEOC's conciliation efforts. McLean Trucking Co., 525 F.2d at 1010; Equal Employment Opportunity Commission v. Allegheny Airlines, 436 F.Supp. 1300, 1304-1306 (W.D. Pa. 1977)("However, before suit may be instituted, the following administrative procedures must be completed: (1) notice of the charge must be served on the charged party; (2) the charge must undergo an investigation; (3) there must be a determination after such investigation that there is reasonable

cause to believe that the charge is true, and (4) if reasonable cause is found, there must be an attempt to eliminate allegedly unlawful practices by conciliation."); Equal Employment Opportunity Commission v. Brown Transport Corporation and Drivers Mutual Association, Inc., 1976 U.S. Dist. LEXIS 16557, *9 (May 28, 1976) (granting partial summary judgment because the possibility of conciliation on the issue of gender discrimination was never before the parties). This is because the EEOC must fulfill these conditions precedent with regard to each type of discrimination it alleges against the company. 42 U.S.C. §2000e-5(b), (f).

If Dots' eighth affirmative defense rests entirely upon the EEOC's complaint exceeding the scope of Hatchett's charge, it fails as a matter of law and must be stricken because the EEOC is permitted to file a complaint that exceeds the scope of the charge. It is Dots' position that its eighth affirmative defense should be interpreted to mean not that the EEOC's complaint exceeds Hatchett's charge, but that the EEOC's complaint exceeds the scope of its investigation, reasonable cause determination, or conciliation efforts. Even if the court were to interpret Dots' eighth affirmative defense as meaning that the EEOC's complaint exceeds the scope of these conditions precedent, this defense does not satisfy the pleading standard because it is insufficient to put the EEOC on notice of whether its complaint

exceeds the basis of the investigation, reasonable cause determination, or conciliation efforts, and the factual basis for this argument. Therefore, the EEOC's motion to strike is GRANTED with respect to Dots' eighth affirmative defense.

Next, Dots' eleventh affirmative defense states:

> As and for its Eleventh Affirmative Defense, Defendant asserts that the Complaint is barred for failure to exhaust administrative remedies to the extent it purports to assert claims of discrimination under Title VII of the Civil Rights Act of 1964, as amended, that are not included in Misti Hatchett's Charge of Discrimination or any prior Charge filed with the EEOC.

As explained above, the EEOC is entitled to file claims that exceed the scope of the charge that was filed. General Telephone, 446 U.S. at 330, 100 S.Ct. at 1706-07. As a conditions precedent, the EEOC must exhaust its administrative remedies by investigating the claims and making a reasonable attempt to eliminate each offending practice through conciliation. 42 U.S.C. §2000e-5(b), (f); Allegheny Airlines, 436 F.Supp. at 1304-1306; Equal Employment Opportunity Commission v. General Electric Co., 532 F.2d 359, 366 (4th Cir. 1976) ("[T]he original charge is sufficient to support action by the EEOC as well as a civil suit under the Act for any discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge, provided such discrimination was included

in the reasonable cause determination of the EEOC and was followed by compliance with the conciliation procedures fixed in the Act."). Dots' Eleventh Affirmative Defense more directly states that the EEOC's charge of gender discrimination is barred because the EEOC failed to exhaust its administrative remedies. Because there are administrative procedures that the EEOC must fulfill before filing an enforcement action with the court, this defense has merit if Dots can prove that the EEOC did not make a reasonable cause determination or attempt to reconcile its finding of gender discrimination. Additionally, Dots' eleventh affirmative defense satisfies the pleading standard because, unlike its eighth affirmative defense, it identifies that the EEOC's shortcoming was in satisfying the conditions precedent for the gender discrimination charge. The EEOC can readily infer Dots' position that the EEOC did not make a reasonable cause determination and attempt to reconcile the gender discrimination charge, as these are the conditions it must satisfy to file an enforcement claim. Therefore, the EEOC's motion to strike Dots' Eleventh Affirmative Defense is DENIED.

Finally, the EEOC moves to strike Dots' Fifteenth Affirmative Defense that states:

> As and for its Fifteenth Affirmative Defense, Defendant asserts that the EEOC, and the individuals on whose behalf the EEOC brings this suit, have failed to meet all conditions

9

> precedent to the institution of this lawsuit, including but not limited to the EEOC's failure to issue its findings of reasonable cause within 120 days.

The EEOC is correct that it is not bound to issue its findings of reasonable cause within 120 days. Stewart v. EEOC, 611 F.2d 679, 681-82 (7th Cir. 1979); United States v. Beethoven Assocs. Ltd. P'ship, 843 F.Supp. 1257, 1263 n.1 (N.D. Ill. 1994). However, it must do so within a reasonable time. Equal Employment Opportunity Commission v. Liberty Loan Corp., 584 F.2d 853 (8th Cir. 1978); Lacy v. Chrysler Corp., 533 F.2d 353, 361 n.8 (8th Cir. 1976). The relevant statute provides that the EEOC must file its complaint within 120 days of the charge if practical. 42 U.S.C. §2000e-5(b). Therefore, any complaint filed outside this 120 day time frame may be subject to a reasonableness analysis.

Dots' fifteenth affirmative defense states that the EEOC did not file its complaint within 120 days. While the EEOC is not bound to do so, by pleading this fact, Dots raised the issue of the reasonableness of the length of the EEOC's delay in filing its complaint. If Dots can show that the complaint, filed outside the time contemplated by the relevant statute, was unreasonable, it has a valid defense. A motion to strike is not the appropriate platform for the parties to argue whether the delay was in fact reasonable. Because this defense has merit if

proven, the EEOC's motion to strike Dots fifteenth affirmative defense is DENIED.

---

Based on the foregoing, the Motion to Strike Defendant's 1st, 8th, 11th, and 15th Affirmative Defenses [DE 17] filed by the plaintiff, Equal Employment Opportunity Commission, on September 27, 2010, is GRANTED IN PART and DENIED IN PART. The court ORDERS Dots' Eighth Affirmative Defense STRICKEN.

ENTERED this 6th day of December, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge