UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:10-CV-319 JVB ) |
| DOTS, LLC, | ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Dots, LLC's Partial Motion to Dismiss [DE 8], pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges that Defendant systematically denied Caucasian applicants employment because of their race and seeks damages on behalf of Misti Hatchett and "a class of applicants." (DE 1 at 2). In its motion, Defendant seeks to dismiss "all claims in Plaintiff's Complaint that relate to hiring decisions allegedly made more than 180 days before the filing of the administrative charge on which this case is based–specifically, all claims relating to hiring decisions allegedly made prior to January 4, 2008." (DE 9 at 1). Essentially, Defendant is petitioning the Court to limit the class of unnamed applicants.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Defendant's motion must be denied because Plaintiff's complaint states "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To the extent that Defendant seeks to preclude certain members of the class of applicants based on its belief that their claims are time-barred, those issues will be sorted out at a later phase of litigation.

For the foregoing reasons, Defendant's Motion to Dismiss [DE 8] is DENIED.

SO ORDERED on February 9, 2011.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).